IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JUSTIN CHARLES ENGLE**                                                                 **PLAINTIFF**

v.                              No: 4:19-cv-00014 BSM-PSH

**POPE COUNTY DETENTION
CENTER,** *et al.*                                                                       **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Justin Charles Engle filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 4, 2019, while detained at the Pope County Detention Center (Doc. No. 2). Engle was granted leave to proceed *in forma pauperis* and ordered to file an amended complaint (Doc. No. 3). Engle was instructed to name the defendants he seeks to sue, explain how they violated his constitutional rights, and describe how he was injured as a

result. Engle filed an amended complaint on January 14, 2019 (Doc. No. 4). Engle's amended complaint names two individual defendants, correctional officer Bombgardener and Sergeant Wallace, but he does not specifically describe what actions they took that allegedly violated his constitutional rights. Engle also does not describe how he was injured as a result of the lack of treatment for his seizures. Engle was ordered to file another amended complaint on January 18, 2019 (Doc. No. 5). Engle was again instructed to describe specific facts to show how each defendant violated his constitutional rights and how he was injured as a result. *Id.* Engle was warned that his case may be dismissed if he did not file an amended complaint conforming to the Court's order. *Id.* Engle filed a second amended complaint on February 11, 2019 (Doc. No. 7). For the reasons explained below, the Court finds that Engle fails to describe facts sufficient to state a claim for relief.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed

liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Engle's second amended complaint fails to comply with the Court's January 18 order requiring him to specifically describe the defendants' actions and how he was injured. Engle states that defendants failed to provide him with adequate medical treatment which could have caused him to die or suffer future life-threatening seizures. Doc. No. 7 at 4. Engle does not describe how each defendant was personally involved in his treatment, what treatment he required, or how his condition was worsened by the lack of treatment. Because Engle's complaint does not state sufficient facts to state a claim for relief, the Court recommends that Engle's complaint be dismissed without prejudice.

DATED this 13th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE